IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SAM W. LEE                                                                                          PLAINTIFF

v.                                                                              No. 3:16CV218-MPM-DAS

M.C.C.V./M.T.C., ET AL.                                                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Sam W. Lee, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that defendant Bernice Brown denied him access to the courts by failing to timely mail legal documents to the Mississippi Court of Appeals. The defendants have moved for summary judgment; the plaintiff has responded, and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, and the instant case will be dismissed for failure to exhaust administrative remedies.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary

material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts."

*Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

On May 2, 2012, Sam W. Lee was convicted by a jury in Oktibbeha County Circuit Court on two counts of shooting into a dwelling and one count of burglary of a dwelling with intent to commit assault. *Lee v. State*, 134 So. 3d 834 (Miss. Ct. App. 2014). As a result of his convictions, Lee was sentenced to a total of 33 years in the custody of the Mississippi Department of Corrections. *Id*. Lee appealed his convictions, arguing that he had been denied his constitutional right to a speedy trial. *Id*. On March 25, 2014, the Mississippi Court of Appeals affirmed Lee's convictions. *Id*.

Mr. Lee received an order from the Mississippi Court of Appeals dated June 17, 2015, notifying him that his deadline for filing a motion for rehearing in his criminal appeal had been extended until 30 days after the date the order was issued. *See* ECF Doc. 1, at 5. Lee claims that on July 8, 2015, he sent a request to the Inmate Legal Assistance Program ("ILAP") at the Marshall County Correctional Facility ("MCCF") regarding his deadline. *Id*. The ILAP clerk Bernice Brown did not come to his zone until July 21, 2015, some four days after his deadline had expired. *Id*. Ms. Brown told Lee that the court did not count holidays or weekends in calculating his extension. *Id*., at 6. Brown returned to his zone on July 23, 2015, notarized his motion for rehearing, and made copies of it. *Id*. According to Mr. Lee, Ms. Brown was supposed to mail out his motion immediately. *Id*.

On July 28, 2015, the Mississippi Court of Appeals issued the mandate regarding its order affirming Lee's convictions. *See* ECF Doc. 1 at 6. On January 11 or January 14, 2016, he presented Mr. Brown another copy of his motion for rehearing for mailing to the Court of Appeals. *Id*. On February 3, 2016, the Court of Appeals issued its order rejecting Lee's motion for rehearing because it was not timely filed. *Id*. at 7. The Court of Appeals further noted that although Lee's motion for

---

[1] As the plaintiff is the non-moving party, for the purposes of the instant memorandum opinion regarding summary judgment only, the court will accept the plaintiff's allegations as true.

rehearing had been signed and notarized on July 23, 2015, it had not been filed until January 19, 2016. *Id.* Mr. Lee argues that this delay shows that Ms. Brown never mailed his motion for rehearing on July 23, 2015, as requested. *Id.*, at 7-8.

## Exhaustion of Administrative Remedies

Mr. Lee has not exhausted the administrative remedies available to him regarding this issue as required under the Prison Litigation Reform Act. Congress enacted the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e *et seq.* – including its requirement that inmates exhaust their administrative remedies prior to filing suit – in an effort to address the large number of prisoner complaints filed in federal courts. *See Jones v. Bock*, 549 U.S. 199, 202 (2007). Congress meant for the exhaustion requirement to be an effective tool to help weed out the frivolous claims from the colorable ones:

> Prisoner litigation continues to 'account for an outsized share of filings' in federal district courts. *Woodford v. Ngo*, 548 U.S. 81, 94, n. 4, 126 S.Ct. 2378 (2006) (slip op., at 12, n.4). In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations. Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of non-meritorious claims does not submerge and effectively preclude consideration of the allegations with merit. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
>
> Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.

*Jones v. Bock*, 549 U.S. 199, 203 (2007).

The PLRA requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. §1983. The exhaustion requirement protects administrative agency

authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); see also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008)( the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty.Med.Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11,2008)( under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). Indeed, "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). As "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. The Supreme Court has also recognized the need for a prisoner to face a significant consequence for deviating from the prison grievance procedural rules:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford, supra,* at 95.

Mississippi Code Annotated § 47-5-801 grants the Mississippi Department of Corrections the authority to adopt an administrative review procedure at each of its correctional facilities. Under this statutory authority, the Mississippi Department of Corrections has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration. This court approved the ARP Program in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. Feb. 15, 1994). *See also Marshall v. Price*, 239 F.3d 365, 2000 WL 1741549, at *1 (5th Cir.Nov. 6, 2000). On September 19, 2010, the ARP process was changed from a three steps to two. *See Gates v. Barbour*, No. 4:71CV6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10CV378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident. *Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss.May 29, 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id*. If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id*. If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id*. The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response – which completes the ARP process. *Id*. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id*. The Marshall County Correctional Facility uses the MDOC Administrative Remedy Program.

Based upon the documentary evidence presented by the defendants, Mr. Lee never exhausted his administrative remedies as to the claims presented in the instant suit. In her affidavit, Jackie Collins (Administrative Remedy Program Coordinator) stated that, based upon her review "of the ARP files at MCCF and the information contained on MDOC's Offendertrak database, Mr. Lee has not submitted any grievances pertaining to a missed Court of Appeals deadline in July 2015 or any alleged deficiencies by Ms. Brown causing him to miss any such deadline." ECF Doc. 20-1 at 3. Ms. Collins noted that Mr. Lee had filed two grievances regarding problems with ILAP services at MCCF. First, on April 4, 2014, Mr. Lee filed a grievance stating that Ms. Brown had caused him to miss a Court of Appeals deadline set for that date. He never completed the grievance process for that issue. Second, on May 18, 2016, Mr. Lee filed a grievance alleging that Ms. Brown failed to help him with mailing a court document on that date. Again, he never completed the grievance process for the issue. The first grievance involves events occurring before the events at issue in this case; the second grievance involves events occurring afterward.

In his response to the defendants' motion for summary judgment, the plaintiff largely reiterates the allegations in his complaint. He generally denies that he failed to exhaust administrative remedies, but he does not state why he believes that to be true. He does not allege that he filed a grievance specifically about the alleged July 2015 failure to mail his documents to the Mississippi Court of Appeals. Thus, there is no proof in the record that he exhausted the grievance process as to this allegation, and the motion by the defendants for summary judgment as to this issue will be granted.

**Conclusion**

For the reasons set forth above, the motion by the defendants for summary judgment will be granted, and the instant case will be dismissed for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of April, 2018.


                                    **/s/ MICHAEL P. MILLS**
                                    **UNITED STATES DISTRICT JUDGE**
                                    **NORTHERN DISTRICT OF MISSISSIPPI**